IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antoin Thurman,<br><br>      Plaintiff,<br><br>      vs.<br><br>Glendale Police Department, et al.,<br><br>      Defendants. | CIV 12-02623 PHX FJM MEA<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE FREDERICK J. MARTONE:**

        Plaintiff filed his complaint on December 10, 2012. On April 3, 2013, Plaintiff filed an amended complaint. On August 1, 2013, the Court ordered Plaintiff to return service packets to the Court for Defendants Lonnie Durham, Brent Durham, Schoch, and Freeman. In the order of August 1, 2013, Plaintiff was warned that his failure to acquire a waiver of service from Defendants or to complete service of process on Defendants within 60 days of the date the service order was issued, by October 1, 2011, would result in the dismissal of claims or defendants pursuant to Rule 4(m), Federal Rules of Civil Procedure, and Rule 16.2(b)(2)(B), of the United States District Court for the District of Arizona Local Rules of Civil Procedure. The civil docket in this matter indicates that service packets have not been returned to the Court.

On November 12, 2013, the Court allowed Plaintiff until December 6, 2013, to show cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's order of August 1, 2013, and Plaintiff's failure to effect service of process on Defendants as required by the Court's order and Rule 4, Federal Rules of Civil Procedure. Plaintiff has failed to show cause for his failure to abide by the Court's orders and to effect service of process on Defendants.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d

1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." <u>Wanderer v. Johnson</u>, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court concludes that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Court therefore recommends that the amended complaint and this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE RECOMMENDED that**, pursuant to Rule 41(b), Federal Rules of Civil Procedure, this action be dismissed without prejudice for Plaintiff's failure to serve the Defendants in this matter and for Plaintiff's failure to comply with the Court's orders.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the

1 District Court's judgment.

2 Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

DATED this 6th day of December, 2013.

_____
Mark E. Aspey
United States Magistrate Judge